Vikrant Pawar, Esq.
Robert Blossner, Esq
30 Vesey Street, Suite 900
New York, New York 10007
(212) 571-0805
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIE RAHMAN,

                        Plaintiff,

                  -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPT., DET. JOSEPH SANS,
SERGEANT JOSE RODRIGUEZ, UC#C0036,
DET. ANTHONY RUMPH, DESK OFFICER,
JOHN AND JANE DOES, 1-10, ET AL.,

                      Defendants.
-----------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Jury Demand**

11 CV 7506 (DLC) (DCF)

       Plaintiff MARIE RAHMAN (hereinafter "Plaintiff") by and through her attorney, Vikrant Pawar, Esq., and Robert Blossner, Esq., respectfully allege as follows:

**PRELIMINARY STATEMENT**

       Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiff is a citizen of the United States, and was at all relevant time a resident in the County of Bronx, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of

New York.

9. Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

10. Defendant Detective Joseph Sans, shield number 2416, Detective Anthony Rumpf, Sergeant Jose Rodriguez, UC #C0036, Desk Officer at the 40th pct on 11/12/2010 are/were employees of the City of New York (hereinafter "individual defendants") and are sued in their individual and official capacities.

11. The named and yet to be identified individual defendants were and are employees of defendant City and other government entities and are sued in their individual and official capacities and are alleged to have acted under the color of state law.

## FACTS

12. On November 12, 2010, around 10 a.m., plaintiff was lawfully inside of a vehicle as a passenger when the vehicle was pulled over by the individual defendants.

13. Neither plaintiff nor the driver of the vehicle, Maximo Ortiz had committed any wrongdoing or violated any traffic laws.

14. Plaintiff and Mr. Ortiz had recently left the Port Morris Wellness Center located at 804 East 138th Street, Bronx, New York.

15. The Port Morris Wellness Center is a part of Albert Einstein School of Medicine and is one of the largest program in the state of New York to assist people with rehabilitation.

16. Plaintiff had left the Wellness Center with her prescribed dose of Methadone.

17. Despite Plaintiff nor Mr. Ortiz not having committed any crimes or traffic infraction, nor there being any other form of probable cause, the individual defendants stopped plaintiff and Mr. Ortiz and arrested them in the vicinity of 759 East 138th Street, Bronx, New York.

18. Plaintiff was then taken to the 40th precinct without being informed of the reasons behind her arrest.

19. At the precinct, plaintiff was forced to endure unnecessary treatment and Humiliation, to wit:

    (a). Plaintiff was fingerprinted,

    (b). Plaintiff was subjected to have her photograph taken as a criminal,

    (c). Plaintiff was stripped searched at which time she was subjected to being visible to male officers within the precinct.

20. Plaintiff was then transported to Central Booking where she, once again, endured such treatment as described in the foregoing paragraph.

21. Plaintiff was held in custody for more than twenty-four hours until finally arraigned before a Judge and was being informed for the first time that she had been arrested for violating Penal Law 220.03 (criminal possession of a controlled substance) to wit: methadone.

22. Plaintiff was forced to appear before the Court on six (6) separate dates before the District Attorney finally moved to dismiss the charges on May 11, 2011 because plaintiff had a valid prescription for the medicine (methadone).

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. There was no probable cause for the initial stop, nor arrest nor the continued incarceration and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure was violated and she sustained injuries thereby.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

28. As a result of the foregoing, Plaintiff was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants by filing false charges against plaintiff knew that plaintiff would have to endure numerous court appearances, hire an attorney and yet defendants arrested her when they could have simply checked the name on the methadone bottle and confirmed that plaintiff has a valid prescription.

31. As a result of the foregoing, Plaintiff was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Plaintiff, a female had a valid right to her privacy when she was unnecessarily strip searched in full view of male officers at the precinct.

34. In addition, plaintiff had a first amendment right to be free from individual defendants intruding upon her by unlawfully and wrongfully arresting her for medication that was properly prescribed to her.

35. Neither plaintiff nor her driver Mr. Ortiz were charged with violating any motor vehicle laws and the arrest unreasonably intruded into her privacy for the aforementioned conduct.

36. Plaintiff's right to privacy with respect to her medical condition was violated.

37. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting individuals who have a valid prescription for a medication simply to generate arrests and quotas.

41. In addition, it is the practice and custom of the defendants to wait outside methadone clinics to arrest people for unlawful possession of a controlled substance, even though the people arrested have a valid prescription.

42. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. As a result of this conduct and through discovery, it will be established that the City of New York is liable under *Monell* in that the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

44. Although each new arrestee is to be brought before a desk supervisory officer at the Precinct of arrest who is to review for accuracy and propriety the charges, evidence, and prospective defendant. In the instant matter there was a purposeful and intentional avoidance of supervisory responsibility in that senior officers acquiesced or turned a blind eye to simply view and observe the evidence produced by a junior member of the force. This practice and custom of the defendants is common otherwise plaintiff would have not been arrested for possession of a prescribed medication and thus was the moving force behind the violation of her civil rights.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged

in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(Assault under the laws of the State of New York)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

53. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Conspiracy under Section 1985)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants conspired with each other to arrest plaintiff and increase their arrest quotas and overtime. Defendants also conspired with one another to put an unmarked and blank bottle of what purports to contain methadone on plaintiff and planted this evidence to incriminate plaintiff, justify their arrest and cover-up their unlawful arrest.

56. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

60. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

61. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

62. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C ) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
March 6, 2012

                                        Vikrant Pawar, Esq.
                                        30 Vesey Street, Suite 900
                                        New York, New York 10007
                                        (212) 571-0805

By: _____
                                        Vikrant Pawar, Esq.
                                        Robert Blossner, Esq.
                                        *Attorneys for Plaintiff*